IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CASINO T.,[1]

    **Plaintiff,**

v.                                                    Civil Action No. 3:22cv808

MARTIN O'MALLEY,[2]
*Commissioner of the*
*Social Security Administration,*

    **Defendant.**

## FINAL MEMORANDUM ORDER

In this action, Plaintiff Casino T. ("Plaintiff") seeks review of the Commissioner of the Social Security Administration's (the "Commissioner") decision to deny her Title II application for disability insurance benefits and Title XVI application for Supplemental Security Income. (ECF No. 1, at 2.) This matter comes before the Court on Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge, ("Objections"), (ECF No. 17), objecting to the Report and Recommendation ("R&R") entered by Magistrate Judge Summer L. Speight on January 17, 2024, (ECF No. 16). The R&R recommended that Plaintiff's Motion for Summary Judgment, (ECF No. 10), be denied, Defendant's Motion for Summary Judgment, (ECF No. 13), be granted, and the final decision of the Commissioner be affirmed. (ECF No. 16, at 2.) For the

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that, due to significant privacy concerns in social security cases, federal courts refer to a claimant only by his or her first name and last initial.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for Acting Commissioner Kilolo Kijakazi as Defendant in this action. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

reasons set forth below, the Court finds that Plaintiff's Objections lack merit and therefore DENIES Plaintiff's Motion for Summary Judgment, (ECF No. 10), GRANTS Defendant's Motion for Summary Judgment, (ECF No. 13), and ADOPTS with modification the R&R, (ECF No. 16).

## I. PROCEDURAL HISTORY

On March 9, 2023, Plaintiff filed her Motion to Dismiss, (ECF No. 10), asserting that the Administrative Law Judge's ("ALJ") "decision is not supported by substantial evidence because the ALJ failed to properly evaluate the medical opinion of certified physician assistant ('PA-C') Lorick Fox." (ECF No. 11, at 1.) On January 17, 2024, Magistrate Judge Speight issued her R&R recommending denial of Plaintiff's Motion. (ECF No. 16, at 2.) On January 31, 2024, Plaintiff filed her Objections, objecting to the R&R on the basis that "there [wa]s no mention whatsoever of Plaintiff's obesity at Step Three" of the ALJ's opinion. (ECF No. 17, at 1.) On February 14, 2024, the Commissioner filed Defendant's Response to Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Summer L. Speight. (ECF No. 18.)

## II. STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition that a party has properly objected to. Fed. R. Civ. P. 72(b)(3)[3]; *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Notably, as long as the "grounds for objection are clear, district court judges must

---

[3] Rule 72(b)(3) states:

> (3) *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

2

consider them *de novo*, or else run afoul of both [28 U.S.C.] § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). The court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting a *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citations and internal quotation marks omitted). In reviewing for substantial evidence, courts may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.*

### III. ANALYSIS

After conducting a *de novo* review of the administrative record and considering in detail Plaintiff's Objections and Motion for Summary Judgment, the Court finds the R&R well-reasoned and supported by the record and applicable law. The Court, however, notes that Plaintiff raises one argument in her objection that warrants further discussion. In her Objections, Plaintiff relies on *Bryan P. ("Bryan") v. Comm'r of Soc. Sec.*, NO. 1:22-CV-05496, 2023 WL 7151223 (D.N.J. Oct. 31, 2023), to argue that the ALJ failed to meaningfully consider Plaintiff's

3

extreme morbid obesity at step three.[4] (ECF No. 17, at 1–2.) The Court thus adopts the R&R in full and supplements Section IV(C) to include the following.

*Bryan* is distinguishable from the instant case and thus does not warrant a different outcome. In *Bryan*, the ALJ found that Plaintiff's obesity was a "severe impairment at step two." 2023 WL 7151223, at *7. However, the *Bryan* ALJ's discussion of Plaintiff's obesity in the step three analysis was cursory, consisted of "one paragraph of explanation, stat[ing] in wholly conclusory terms and without any citation to the record, [and did] not meet the meaningful review envisioned by *Diaz*." 2023 WL 7151223, at *8 (citing *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) ("[A]n ALJ must meaningfully consider the effects of a claimant's obesity, individually and in combination with [his or] her impairments, on [his or] her workplace function at step three and at every subsequent step.")).

Here, in contrast, the ALJ thoroughly considered Plaintiff's obesity at all steps of the process. In his analysis of step three, the ALJ provided that "[a]lthough obesity is not a listed impairment, it has been considered singly and in conjunction with [Plaintiff's] other impairments as required by Social Security Ruling 19-2p." (R. at 22.) The ALJ further found that:

> The record does not establish the medical signs, symptoms, laboratory findings, or degree of functional limitation necessary to meet the above or any other section of

---

[4] Social Security Administration regulations set forth a five-step process to determine whether an individual is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The Fourth Circuit has summarized this process as follows:

> [T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her [or his] past work given the limitations caused by her [or his] medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).

>the Listings of Impairments. The specific signs, symptoms, findings and functional limitations are discussed under the residual functional capacity finding below. Additionally, the undersigned notes that no medical consultant designated by the Commissioner on the issue of equivalence has concluded that a physical listing is medically equaled.

(R. at 22.)

Prior to step four, when determining Plaintiff's residual functional capacity ("RFC"), the ALJ provided consistent analysis of the impact Plaintiff's obesity has on her ability to perform various tasks. (*See* R. at 24–31 ("[T]he exertional limitations are not consistent with [Plaintiff's] BMI above 60 and antalgic gait despite no use of an assistive device, combined with [Plaintiff's] high blood pressure readings or [Plaintiff's] reports of low back and lower extremity pain"; "[Plaintiff] ambulates without an assistive device, and [] she has had no lasting deficits of strength, sensation, or respiratory deficits despite her BMI and blood pressure").) As the Fourth Circuit has explained,

>[t]here is no requirement . . . that the ALJ provide an exhaustive point-by-point breakdown of each and every listed impairment. Rather, the ALJ is compelled to provide a coherent basis for his [or her] step-three determination. We must read the ALJ's decision as a whole. Indeed, courts have determined that an ALJ's step-three conclusion that the claimant did not meet the listing at issue can be upheld based on the ALJ's findings at subsequent steps in the analysis.

*Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018) (citation omitted). Because the ALJ provided a coherent basis for his step three determination and provided additional analysis of the impact of Plaintiff's morbid obesity, the ALJ satisfied the requirements set forth in the regulations. *See id.*

5

## IV. CONCLUSION

Having reviewed the record *de novo*, the Court finds that the Commissioner's final decision was supported by substantial evidence and that the Commissioner employed the correct legal standards in reaching that decision. Therefore, the Court hereby ORDERS that:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 16), is ADOPTED as modified in accordance with this Memorandum Order;

2. Plaintiff's Motion for Summary Judgment, (ECF No. 10), is hereby DENIED;

3. Defendant's Motion for Summary Judgment, (ECF No. 13), is hereby GRANTED;

4. The decision of the Commissioner is hereby AFFIRMED; and

5. This case is now CLOSED.

Let the Clerk file this Order electronically and notify all counsel of record.

It is so ORDERED.

Date: 3/8/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge